Maurice Wahl, J.
This is an action to recover the sum of $2,548.96 against the defendants guarantors. Service was made solely upon the defendant Ingigneri and, therefore, this action is against him only.
This matter was submitted on an agreed statement of facts.
In December, 1953 the Progressive Brass Foundry Co., Inc., the principal debtor herein, and the plaintiff entered into an agreement in writing which contained a guarantee by two individuals named herein as the defendants. Thereafter, the plaintiff purchased from the principal debtor, Progressive Brass Foundry Co., Inc., accounts receivable upon which it paid the said principal debtor certain moneys in accordance with the agreement. In October, 1957, a petition in involuntary bankruptcy was filed against the principal debtor, Progressive Brass Foundry Co., Inc., in the United States District Court for the Eastern District of New York.
*888 On May 15, 1958, the principal debtor was adjudicated a bankrupt. The plaintiff held assigned accounts receivable of the debtor of some $22,000 as security for the repayment of loans, claimed to amount to $9,548. The trustee, appointed by the Referee in Bankruptcy, disputed the validity of the assignment of these accounts, as well as the amount due for loans advanced. On said date, the plaintiff entered into a written stipulation with the trustee whereby it agreed to accept $7,000 “ in full settlement of all its claims under said assignment, or otherwise against said bankrupt.” The stipulation further provided that upon making said payment,' ‘ each of the parties shall be released from any and all claims of every nature and description arising out of any transactions between them to the date of this stipulation. ’ ’ This agreement was approved by the Referee in Bankruptcy, Honorable Samuel Dubersteih, after a hearing, and an order approving the settlement was signed. The plaintiff was paid in full the sum of $7,000, and thereupon reassigned the balance of the assigned accounts to the trustee.
The defendant contends that he must prevail because of the principles of law constituting an accord and satisfaction; that the ‘ ‘ accord ’ ’ is the agreement and the 1 ‘ satisfaction ’ ’ is the execution of it. The plaintiff, however, argues that the agreement to accept the sum of $7,000 was a release, and since the guarantee could “ not be impaired by * * * release or other alteration of any of the obligations hereby guaranteed ’ ’, therefore the guarantee survived the “release”.
This court is inclined to disagree with the contentions urged by both the parties to this litigation.
The plaintiff, holder of security for its debt, gave up that collateral in exchange for a $7,000 settlement with the trustee in bankruptcy of plaintiff’s principal. The plaintiff chose not to enforce its obligation and try out the issue of the validity of its transaction with the bankrupt. Upon making that settlement, it reassigned to the trustee all its right, title and interest to the collateral. All this was performed Avithout the guarantor’s consent. The latter was not a party to the settlement proceeding before the bankruptcy court. He was thus deprived of his right to show that the transaction was valid and that the collateral was sufficient to satisfy plaintiff’s debt. In fact, the guarantor was never afforded an opportunity to indicate his position. The plaintiff consummated the settlement Avith the trustees; so far as this defendant is concerned it was unilateral. Having thus been prejudiced as a matter of law, defendant is released from his guarantee. Furthermore, when the plaintiff reassigned all its right, title and interest to the trustee, it did *889 not reserve unto itself any right to any deficiency which it now claims. In any event, such reservation could not benefit plaintiff, since it parted with the entire title to the collateral. Any loss sustained upon liquidation of the collateral would perhaps vest a right in the trustee, if a guarantee ran in his favor. The instant one does not. In short, plaintiff was under no legal compulsion to take less than full value of the collateral. Until such was demonstated, no cause of action exists. Its voluntary acceptance of a lesser sum cannot create liability, without at least affording defendant an opportunity to be heard on the principal transaction. Judgment for defendant dismissing the complaint.